UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
BRONTIE O'NEAL,

      Plaintiff,

  -against-

AUSTIN J. MCGUIRE, RYAN HOGAN,
GREGORY SCHAEFER,

      Defendants.
---------------------------------------------------------------X
JOSEPH F. BIANCO, District Judge:

**ORDER**
18-CV-5506(JFB)(GRB)

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAY 06 2019   ★

LONG ISLAND OFFICE

On September 4, 2018, then-incarcerated *pro se* plaintiff Brontie O'Neal ("plaintiff") filed his thirteenth *in forma pauperis* civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") in this Court.[1] Accompanying the complaint is an application to proceed *in forma pauperis*. However, because plaintiff has already accumulated "three strikes" pursuant to 28 U.S.C. § 1915(g), and has not alleged that he is "under imminent danger of serious physical injury," his application to proceed *in forma pauperis* is denied. Plaintiff is directed to pay the $350.00 filing fee within fourteen (14) days of the date of this Order, and a failure to do so will

---

[1] *See O'Neal v. Spota, et al.*, 16-CV-00579 (JFB)(GRB) (complaint dismissed for failure to state a claim for relief), *aff'd*, *O'Neal v. Spota*,17-PR-3334 (2d Cir., Dec. 6, 2018); *O'Neal v. Ewald et al.*, 16-CV-4318 (JFB)(GRB) (consolidated with 18-CV-3696); *O'Neal v. Yeaman, et al.*, 16-CV-5270 (JFB)(GRB) (complaint dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b) and case closed pursuant to Fed. R. Civ. P. 41(b)); *O'Neal v. Brown, et al.*, 16-CV-6498 (JFB)(GRB) (complaint and amended complaint dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b)); *O'Neal v. Grasneck, et al.*, 16-CV-6967 (JFB)(GRB) (withdrawn); *O'Neal v. Iannucci, et al.*, 17-CV-1062(JFB)(GRB) (complaint dismissed pursuant to Fed. R. Civ. P. 41(b)); *O'Neal v. People of the State of N.Y.*, 17-CV-1063 (JFB)(GRB) (complaint dismissed pursuant to Fed. R. Civ. P. 41(b)); *O'Neal v. Verizon Wireless, et al.*, 17-CV-4879 (JFB) (GRB) (complaint dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)); *O'Neal v. Spota, et al.*, 17-CV-5023 (JFB)(GRB) (consolidated with 17-CV-4879); *O'Neal v. Easthampton Town P.D., et al.*, 17-CV-5024 (JFB)(GRB) (consolidated with 17-CV-4879); *O'Neal v. Brown et al.*, 18-CV-784 (LDH)(LB) (transferred to the W.D.N.Y.); *O'Neal v. Ewald*, 18-CV-3696 (JFB)(GRB) (consolidated with 16-CV-4318).

1

lead to the dismissal of his claims without further notice and judgment shall enter. Plaintiff is advised that his payment of the filing fee does not exempt him from the requirements of 28 U.S.C. § 1915A and the Court is required to dismiss a complaint if the action is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (i)-(iii); 28 U.S.C. § 1915A(a)-(b).

## DISCUSSION

Section 1915(g), often referred to as the "three strikes" rule, provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Here, plaintiff has at least four disqualifying actions: *O'Neal v. Spota, et al.*, 16-CV-00579(JFB)(GRB), *O'Neal v. Verizon, et al.*, 16-CV-4879(JFB)(GRB), and *O'Neal v. Spota, et al.*, 16-CV-5023(JFB)(GRB), and *O'Neal v. Easthampton Town P.D. et al.*, 17-CV-5024(JFB)(GRB).² Moreover, plaintiff does not allege any facts indicating that he faces "imminent danger of serious physical injury." *Chavis v. Chappius*, 618 F.3d 162, 167 (2d Cir.

---

² The Court properly counts the dismissal of plaintiff's claims in the cases bearing docket numbers 17-CV-5023 and 17-CV-5024 as "strikes" even though plaintiff's claims were consolidated with the complaint assigned 17-CV-4879 and dismissed in a single order. *See Akassy v. Hardy*, 887 F.3d 91, 96 (2d Cir. 2018) (rejecting contention that four consolidated appeals should be counted as a single strike) (citing *Palmer v. New York State Dept. of Corr.*, 342 F. App'x 654, 655-56 (2d Cir. 2009) ("Palmer's three separate [district court] filings that were each dismissed for failure to state a claim . . . constitute three 'prior occasions' where Palmer has 'brought' actions dismissed for failure to state a claim[,] 28 U.S.C. § 1915(g)," and thus 'count as strikes. *The [district] court's act of consolidating the three cases did not convert the dismissals into a single strike.*'")) (emphasis added by *Akassy*, 887 F.3d at 96).

2

2010). To satisfy the requirement of imminent danger of serious physical injury under 28 U.S.C. § 1915(g), a plaintiff must "reveal a nexus between the imminent danger [he] alleges and the claims [he] asserts." *Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009). When a court considers whether such a nexus exists, the court must consider: (1) whether the imminent danger of injury alleged is "*fairly traceable* to the unlawful conduct asserted in the complaint"; and (2) "whether a favorable judicial outcome would *redress* that injury." *Id.* at 298-99 (emphasis in original). The imminent harm must also exist at the time the complaint is filed. *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010).

Here, plaintiff does not allege any facts that the Court can reasonably construe to support a finding that plaintiff was under imminent danger of serious injury at the time he filed this action. Rather, plaintiff's sparse complaint complains generally that the defendants violated plaintiff's Fourth Amendment rights in connection with the evidence against him in the underlying state criminal case. Upon careful review of the complaint, the Court finds no conduct alleged that rises to a level where an imminent danger of serious harm exists to plaintiff. Wholly absent are any allegations suggesting that, at the time the complaint was filed, plaintiff was in imminent danger of serious harm. Accordingly, given plaintiff's history of vexatious litigation, and in the absence of any claim concerning a danger of imminent serious physical injury, plaintiff is now barred from filing this case *in forma pauperis* and his application is thus denied. Plaintiff is directed to pay the $350.00 filing fee within fourteen (14) days of the date of this Order, and a failure to do so will lead to the dismissal of this action without further notice and judgment shall enter.

## CONCLUSION

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is denied. Plaintiff is directed to pay the $350.00 filing fee within fourteen (14) days of the date of

this Order, and failure to do so will lead to the dismissal of his claims without prejudice and without further notice and judgment shall enter. Plaintiff is advised that his payment of the filing fee does not exempt him from the requirements of 28 U.S.C. § 1915A.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: May 6, 2019
Central Islip, New York

/s/ Joseph F. Bianco

Joseph F. Bianco
United States District Judge